UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD HERNDON,<br>　　　　Plaintiff,<br>　　v.<br>LT. MAHER,<br>　　　　Defendant(s). | Case No. 22-cv-01366-CRB  (PR)<br>**ORDER OF DISMISSAL**<br>(ECF No. 4) |

　　　　Plaintiff, a former state prisoner currently at All Saints Extended Care, an assisted living facility in San Rafael, California, has filed a pro se complaint under 42 U.S.C. § 1983 using the court's prisoner complaint form wherein he seeks damages for allegedly unlawful criminal prosecution, conviction and sentence. Plaintiff also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 (ECF No. 4) which, based solely on his affidavit of poverty, is GRANTED.

**DISCUSSION**

A.　Standard of Review

　　　　Section 1915(e)(2) permits the court to dismiss any case brought IFP at any time if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Id.</u> at 487.

This court accordingly must ask whether a judgment in favor of the plaintiff here would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. <u>See id.</u> A review of the complaint and documents submitted by plaintiff make clear that a judgment in favor of the plaintiff here would imply the invalidity of a state conviction which has not already been invalidated. Plaintiff notes that he is seeking expungement of his conviction pursuant to California's Clean Slate Act and/or a petition for expungement, but he must obtain such expungement from the appropriate state agency or court before seeking damages for allegedly unlawful prosecution, conviction and/or sentence under § 1983 in this court. <u>See id.</u> Because plaintiff's complaint for damages fails to state a cognizable claim under § 1983 under the rationale of <u>Heck</u>, it must be DISMISSED without prejudice. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 649 (1997); <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. The dismissal is without prejudice to filing a new complaint if a cause of action later accrues.

**IT IS SO ORDERED**.

Dated:  April 22, 2022

_____
CHARLES R. BREYER
United States District Judge